Chambers of
**STEVEN C. MANNION**
United States Magistrate Judge

Martin Luther King Jr, Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102
(973) 645-3827

February 23, 2018

## LETTER OPINION-ORDER

Re:   D.E. 8, Motion to Appoint Pro Bono Counsel
      DeFazio v. JPAY, Inc.
      Civil Action No. 17-cv-10212 (KM)(SCM)

Dear Litigants:

This matter comes before the Court upon review of Plaintiff Anthony DeFazio's ("Mr. DeFazio") Motion to Appoint *Pro Bono* Counsel.[1] The Court has reviewed Mr. DeFazio's Motion and for the reasons set forth herein it is **denied**.

District courts are granted broad discretion to appoint attorneys to represent indigent civil litigants,[2] but civil litigants possess neither a constitutional nor a statutory right to appointed counsel.[3] Moreover, though Congress has empowered district courts to "request" counsel for civil litigants, courts cannot "require" an unwilling attorney to serve as counsel.[4]

This Court must therefore "take note of the significant practical restraints on the district courts' ability to appoint counsel: . . . the lack of funding to pay appointed counsel; and the limited

---

[1] (ECF Docket Entry No. ("D.E.") 8, Pl.'s Mot.).

[2] 28 U.S.C. § 1915 (d), (e)(1),

[3] *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-67 (3d Cir. 1997)).

[4] *Id.* (citing 28 U.S.C. § 1915 (e)(1)); *see also Christy v. Robinson*, 216 F. Supp. 2d 398, 406 n. 16 (D.N.J. 2002) (citing *Mallard v. United States Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 301-02 (1989)).

supply of competent lawyers who are willing to undertake such representation without compensation."[5]

When evaluating a request for the appointment of *pro bono* counsel, a district court should first determine whether the plaintiff's claim "has arguable merit in fact and law."[6] If the court first finds such merit, then it must go on to weigh a series of considerations known as the *Tabron* post-threshold factors.[7]

In this instance, the Court finds that Mr. DeFazio's claim does not have arguable merit in law. Mr. DeFazio is trying to bring a class action on behalf of himself and approximately twenty-two thousand of his fellow prisoners.[8] However, "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."[9] Though Mr. DeFazio "may…continue individually to pursue his claims[,]" his individual claims would not meet the minimum amount in controversy in order to invoke this Court's diversity jurisdiction,[10] which Mr. DeFazio would be required to invoke in order to bring his state claims.[11]

Since Mr. DeFazio may not maintain this case as a class action, and the Court would lack subject matter jurisdiction if he were to maintain it individually, the Court finds that Mr. DeFazio's claim does not have "arguable merit in fact and in law."[12] It therefore need not proceed to weigh the *Tabron* factors, and Mr. DeFazio's Motion is **denied**.

---

[5] *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993).

[6] *Id.* at 155.

[7] *See Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

[8] (D.E. 3, Am. Compl., ¶¶ 2-3).

[9] *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992), *aff'd*, 995 F.2d 216 (3d Cir. 1993).

[10] 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]"). The Complaint seeks punitive damages of either $5,000 or $6,000 per member of the ostensible class, as well as a refund to each ostensible class member of the $119.99 purchase price of the tablets sold by the defendant. (*See* D.E. 3, Am. Compl., ¶ 15, p. 11).

[11] (*See* D.E. 3, Am. Compl., ¶¶ 31, 33, 35) (alleging violations of the New Jersey Consumer Fraud Act).

[12] *Tabron*, 6 F.3d at 155.

The Court notes that the District Court is currently considering a pending motion to dismiss.[13] Should the District Court reach a different conclusion as to subject matter jurisdiction in this case, then the Court may reconsider Mr. DeFazio's application.

The Clerk of Court shall mail a copy of this order to Mr. DeFazio.

**IT SO ORDERED.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

2/23/2018 12:54:18 PM

Original: Clerk of the Court
Hon. Kevin McNulty, U.S.D.J.
cc: All parties

Anthony DeFazio
302985 / 573351B
Northern State Prison
168 Frontage Road
PO Box #2300
Newark, NJ 07114
Pro Se

---

[13] (D.E. 17, Mot. to Dismiss).